

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

JOHN B. MINES,

                Plaintiff,

v.                              Action No. 3:10-CV-155

DAVID L. HAUCK, ESQ.,

and

THE COMMONWEALTH OF VIRGINIA,

                Defendants.

## MEMORANDUM OPINION

### I. INTRODUCTION

THIS MATTER is before the Court on defendant David L. Hauck's Motion to Dismiss plaintiff John B. Mines' Complaint for failing to state a claim upon which relief can be granted (Doc. No. 4) and the Commonwealth of Virginia's Motion to Dismiss the Complaint for lack of jurisdiction and for failing to state a claim upon which relief can be granted (Doc. No. 7). Mines, in his Complaint of March 15, 2010, alleges fraud on the part of Hauck and violations by Hauck and the Commonwealth of Mines' rights under the Seventh and Fourteenth Amendments to the United States Constitution. Mines seeks compensatory and punitive damages against both defendants.

1

After due consideration of the arguments raised by the defendants and after having given a liberal construction to Mines' pleadings, the Court finds that the pending Motions should be granted for the reasons outlined below.

## II. BACKGROUND

As these matters challenge the sufficiency of the pleadings in the complaint, the Court must take the facts in the light most favorable to the Plaintiff, but reserve its own judgment as to the plausibility of any legal conclusions or factual inferences drawn from them. See Giarratano v. Johnson, 521 F.3d 298, 303 (4th Cir. 2008); also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). While a motion to dismiss is typically decided on the four corners of the pleadings, where documents are incorporated by reference or are matters of public record, a court may consider them to the extent they are relevant. See, e.g., Davis George Mason University, 359 F.Supp.2d 331, 335 (E.D.Va. 2005)(considering materials on which action was based but which were not included in complaint).

### A. Mines' Pleadings and the Conclusions of Circuit Court for City of Richmond

Mines alleges that on February 5, 2009, Hauck, as counsel for the defendant in a civil case in the Circuit Court for the City of Richmond (hereinafter "the Circuit Court"), notified the court that a settlement had been reached between Mines and the defendant in the case. Mines alleges that the Circuit Court relied on these statements when it dismissed the matter with prejudice and cancelled a jury trial scheduled for the following day. Mines also alleges that when he appeared at court on February 6, he was informed that the trial had been

cancelled. Mines further alleges that no settlement or release of liability was ever reached. Mines finally alleges that Hauck spoke intentionally and with the knowledge that no settlement existed.

Mines contends that Hauck's statements were an act of fraud. Mines also contends that when the Circuit Court cancelled the trial, the Commonwealth of Virginia deprived him of his constitutional right to a trial by jury. Mines finally contends that because "there was not adequate notice, a hearing, nor a neutral judge, before the final order of dismissal was entered", he was deprived of his right to "procedural due process of law."

Mines claims that as a result of Hauck's fraudulent statements, he is entitled to $25,000 in compensatory and $75,000 in punitive damages. Mines also claims that Hauck and the Commonwealth of Virginia are jointly liable to him for $25,000 in compensatory damages and $75,000 in punitive damages for depriving him of his right to a jury trial. Mines finally claims that Hauck and the Commonwealth of Virginia are jointly liable to him for $25,000 in compensatory damages and $75,000 in punitive damages for depriving him of his right to due process.

The Circuit Court heard Mines' arguments regarding Hauck's allegedly fraudulent statements when it considered his motion to set aside the order of dismissal. The Circuit Court recognized that Mines and Hauck did not agree regarding the existence of a settlement. It also noted that Mines had never fully responded to discovery propounded to him and that while Hauck's client was ready to proceed with a defense on February 6, 2010, Mines had sought a continuance. Based on this evidence the Circuit Court concluded that

Hauck's representations regarding the settlement of the case "were the most credible" and found that the dismissal had not been obtained by fraud on the court, that settlement had been reached, and that the order of dismissal was valid. See Order of the Circuit Court of the City of Richmond, In re Mines v. Goode, Case No. CL08-2371 (February 6, 2009).

### B. Posture of Mines' Pleadings

Mines filed his Complaint on March 15, 2010. On April 30, 2010, Hauck filed his Motion to Dismiss. In this Motion Hauck argues that Mines has failed to state claims which are plausible on their face, that Mines' fraud claim is barred as it was already resolved by the Circuit Court in Hauck's favor, and that Mines' constitutional claims are deficient as Mines never alleges that Hauck was acting under the color of law. On April 30, 2010, the Commonwealth of Virginia also filed a Motion to Dismiss. In its Motion the Commonwealth argues that there is no basis on which the Court may take jurisdiction over the claims against it. The Commonwealth further argues that Mines has failed to show that he was deprived of any constitutional rights since the Seventh Amendment is not made applicable to state civil proceedings by the Fourteenth Amendment.

The Commonwealth has given notice to Mines that any response he may have to these Motions must be filed within twenty (20) days of April 30, 2010. See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975)(requiring such notice to pro se parties regarding dispositive motions). Mines has not filed any response to either Motion.

4

## III. DISCUSSION

### A. Standard of Review

While the pleadings of a pro se plaintiff must typically be construed liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), where defendants such as these have filed motions to dismiss, this Court must still evaluate them according to the standards developed under Federal Rule of Civil Procedure 12. Rule 12 allows for a number of defenses to be raised to a complaint at the pleading stage, among these are the defenses that a Court lacks subject-matter jurisdiction over the case, see Fed.R.Civ.P. 12(b)(1), and that the pleadings fail to state a claim upon which relief can be granted, see Fed.R.Civ.P. 12(b)(6). The standards used to evaluate each defense vary.

In the case of a motion pursuant to Rule 12(b)(1) which challenges the veracity of the pleadings on which jurisdiction is based, the pleadings are merely evidence and a court must conduct an independent inquiry into the existence of jurisdiction. See Allen v. College of William & Mary, 245 F.Supp.2d 777, 783 (E.D.Va. 2003)(citing cases). Where a Rule 12(b)(1) motion merely challenges the sufficiency of the pleadings on which jurisdiction is based, the allegations of fact are presumed to be true. Id. The burden of establishing subject matter jurisdiction rests upon the party which seeks to invoke the court's authority. See id.

Where a motion pursuant to Federal Rule 12(b)(6) contends a plaintiff's pleadings are insufficient to show his entitlement to relief, it must be resolved by reference to the allegations in the complaint. See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009).

5

The question then before the court is whether the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief" in both "law and fact." Id. at 192-3. The pleadings need not be supported by evidence but must "state a claim for relief that is plausible on its face". Id. at 193 (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)). A plausible claim is one that contains more than just "unadorned, the-defendant-unlawfully-harmed-me-accusation[s]" Iqbal, 129 S.Ct. at 1949, which is to say that is must contain "factual enhancement" not just "naked assertions" regarding the elements of a cause of action. See Francis, 588 F.3d at 193. Where a claim alleges fraud, this factual enhancement must come in the form of specific allegations regarding the circumstances of the fraud, although malice, intent, knowledge, and other conditions of mind may be alleged generally. See Fed.R.Civ.P. 9(b) & (f).

## B. The Commonwealth's Motion to Dismiss

The Commonwealth mounts a facial challenge to the adequacy of Mines' pleadings regarding both jurisdiction and relief. Since the Commonwealth appears to be challenging the sufficiency and not the veracity of Mines' allegations, the Court will confine its inquiry on this Motion to the four corners of the pleadings.

In his Complaint, Mines alleges that his claims against the Commonwealth arise out of a violation of his rights under the United States Constitution. By doing so, he appears to invoke the Court's "federal question" jurisdiction, which may be asserted over "all actions arising under the Constitution, laws, or treaties off the United States." 18 U.S.C. § 1331. However, as the Commonwealth properly notes, the Eleventh Amendment bars a federal

district court from taking jurisdiction over a suit "prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State", U.S.Const., Amen. XI, and the Supreme Court has construed this language to "confirm" the "presupposition" that "each State is a Sovereign entity in our federal system" and "that it is inherent in the nature of [this] sovereignty [that a state is] not to be amendable to [the] suit of an individual without its consent." Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996)(citing Hans v. Louisiana, 134 U.S. 1 (1980)(Eleventh Amendment immunity extends to federal questions)). Because Congress has no general power to abrogate state sovereignty, see Seminole, 517 U.S. at 54 (cannot authorize suits from non-citizens); see also Alden v. Maine, 527 U.S. 706, 713-14 & 745 (1999)(cannot authorize suits by a states' own citizens), a suit brought against a state must be based either on a recognized exception to this rule, see, e.g., Alden, 527 U.S. at 755 (Fourteenth Amendment represents surrender of portion of sovereign immunity and explicitly authorizes legislation to enforce its terms), or a state's own consent to suit. See, e.g., Great Northern Life Ins. Co. v. Read, 322 U.S. 47 (1944)(state may waive suit by contract or statute).

While Congress, acting on the authority conveyed by the Fourteenth Amendment, see U.S.Const., Amen. XIV, § 5, has passed 42 U.S.C. § 1983, which authorizes suits for damages against "every person" who under color of law subjects "any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution or law," this statute does not authorize suits against states themselves. See Quern v. Jordan, 440 U.S. 332, 338-45 (1979)(§ 1983 may only be used to sue states

directly). Further, while a § 1983 suit is the presumptive remedy where a party is deprived of any rights, privileges, or immunities secured by either the Constitution or federal law, a right must be clearly identifiable before a cause of action will arise. See Gonzaga University v. Doe, 536 U.S. 273, 285 (2002)(rejecting "notion that our cases permit anything short of an unambiguously conferred right to support a cause of action" under § 1983.)

Separately, the Commonwealth has waived its Eleventh Amendment immunity to suit through the Virginia Tort Claims Act (hereinafter "VTCA"), Va. Code § 8.01-195.1 et seq. (allowing suits for actual damages where a private party would be liable). However, the VTCA does not abrogate the traditional immunity of judges or other public officials. See Va. Code § 8.01-195.3. Indeed, the VTCA specifically excludes claims "based upon an act or omission of any court of the Commonwealth" or "based upon an act or omission of an officer, agent or employee . . . in the execution of a lawful order of any Court." Id. Claims for punitive damages are also excluded and no claim may be brought before a prospective plaintiff has filed notice with the Commonwealth. See Va. Code §§8.01-195.3 & 6.

When Mines' Complaint is measured against these requirements, it is clear that he has failed to establish a basis on which the Court can take jurisdiction over his claims, which in any event seem frivolous. First, while Mines' might be excused for failing to identify a specific statutory basis for jurisdiction, the "presumptive" avenue of § 1983 has been expressly foreclosed to him, see Quern, 440 U.S. at 343 (states not "persons" within § 1983), and no other basis for jurisdiction is evident on the face of the Complaint. While the Court may be required to give a liberal construction to Mines' pleadings, see Erickson, 551

8

U.S. at 94, the Court cannot be expected to construe its way around the entire Eleventh Amendment and the precedents which have developed the concept of a state's sovereign immunity. Similarly, while the VTCA provides individuals with a procedural vehicle by which to pursue civil suits against the Commonwealth, this waiver of Virginia's Eleventh Amendment immunity is conditioned on a prospective plaintiff's compliance with certain prerequisites and explicitly excludes claims for punitive damages and claims based on the actions of a judicial official. See Va. Code §§ 8.01-195.3 & 6. Because these are the precise types of claims that Mines' now asks this Court to entertain, even the most liberal construction of his pleadings cannot provide a basis for this Court's jurisdiction.

Since the Court lacks jurisdiction to hear the merits of Mines' claims against the Commonwealth, it is sufficient to note that the suit in state Court was undisputedly a civil one and the Seventh Amendment "right to a jury trial" in a civil suit is not incorporated against the states by operation of the Fourteenth Amendment, see Letendre v. Fugate, 701 F.2d 1093, 1094 (4th Cir. 1983), cert. denied, 464 U.S. 837 (1983)(not incorporated), and hence the denial of jury trial is not a due process concern. See, e.g., Burrell v. Davis, 779 F.Supp. 42, 43 (E.D. Va. 1991).

### C. Hauck's Motion to Dismiss

Hauck's Motion to Dismiss focuses on whether Mines' pleadings are sufficient to establish his entitlement to relief in law and fact. Since Hauck's arguments challenge both the sufficiency of the allegations in Complaint and their plausibility in light of the record in

9

the prior proceeding, the Court shall consider both the pleadings and the rulings of the Circuit Court.

The disposition of the prior civil suit bears directly on the pending Complaint because under well established principles of issue preclusion, or "collateral estoppel", Mines may be prevented from relitigating his fraud claims in this forum after having failed to prevail on them in the Circuit Court. The doctrine of collateral estoppel holds that where two parties, or their privies, have litigated a factual issue in a prior action, which resulted in a final judgment resolving that issue, both parties are estopped from contesting the issue in a subsequent action. See Weinberger v. Tucker, 510 F.3d 486, 491 (4th Cir. 2007); see also TransDulles Ctr. Inc. v. Sharma, 472 S.E.2d 274, 275 (Va. 1996)(resolving question under Virginia law). Under both Fourth Circuit precedent and Virginia law, the test for privity is whether "the interests of one party are so identified with the interests of another that representation by one party is representation of the other's legal right". Weinberger, 510 F.3d at 491-93. As the Fourth Circuit found in Weinberger, while an attorney may not always be in privity with his client, where an attorney and his client both have a personal interest in the outcome of a motion, privity may arise. Id. Thus, where an adverse party had previously tried to have an attorney disqualified in a state court proceeding, that party was estopped from resurrecting, in a subsequent litigation, the issues previously resolved against it. See id. at 492-93. Similarly, the Fourth Circuit found that where a motion to disqualify an attorney had been fully litigated and no appeal had been taken, it was sufficiently "final" to serve as a basis for estoppel. Id. at 494. Where a judgment was

handed down in a Virginia court, this Court is bound to give it full faith and credit and the same preclusive effect that it would have if the matter were in a state court. See 28 U.S.C. § 1783.

The fraud claims raised by Mines in the Complaint now before the Court appear to be the very same claims that were raised and resolved by the Circuit Court in the context of the motion to set aside the dismissal of the prior suit. Since Mines argued that the motion should be granted because Hauck had fraudulently misrepresented the existence of a settlement, it would also appear that the Circuit Court's finding that no misrepresentation had occurred was essential to the disposition of the matter. While Hauck is admittedly not his client, since he would presumably be subject to sanction were he to have committed fraud on the court, it would appear that there was sufficient commonality of interest to place him in privity with his client for the purposes of that motion and to have created a mutuality of estoppel with Mines. Finally, while the Circuit Court's decision does state that the dismissal was the final order in the prior case, this appears to be more a recognition of established precedent regarding the running of the time limits on appeal, see Hutchins v. Talbert, 278 S.E.2d 658, 660 (Va. 2009) (dismissal is final order which starts running of period), than an indication that further proceedings were pending which would prevent the denial of the motion from becoming final. Because the requirements for estoppel are thus met, see Weinberger, 510 F.3d at 491, it would appear that Mines' allegations regarding misrepresentation cannot be heard by this Court.

When the allegations of misrepresentation are removed from Mines' Complaint, there is simply no basis for a claim of fraud. See Evaluation Research Corp. v. Alequin, 439 S.E.2d 387, 390 (Va. 1994)(fraud requires misrepresentation of material fact made intentionally and knowingly with intent to mislead and detrimental reliance by the party misled). In the absence of fraud, there can also be no basis for concluding that Hauck wrongfully induced the Circuit Court to deprive Mines of any rights, even if such rights were found to exist. See supra Section III, B (discussing inapplicability of Seventh Amendment in state civil suits).

## IV. CONCLUSION

In light of the foregoing, the Court simply cannot conclude that it has jurisdiction to entertain Mines' claims against the Commonwealth and it cannot conclude that Mines' pleadings are sufficient to show his entitlement to relief in law or fact against either the Commonwealth or Hauck. For these reasons, the Motion of the Commonwealth is GRANTED, the Motion of Hauck is GRANTED, and Mines' Complaint is DISMISSED.

An appropriate Order shall issue.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this 20th day of July 2010